UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BWP MEDIA USA INC., d/b/a PACIFIC COAST NEWS, BARCROFT MEDIA. LTD.,

                            Plaintiff,

-against-

RANT INC., WETPAINT.COM, INC., and FUNCTION(X) INC.,

                            Defendants.

17-CV-5079 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

This lawsuit arises out of Plaintiff's July 6, 2017 Complaint alleging copyright infringement on the part of the Defendants Rant Inc., Wetpaint.com Inc., and Function(X), Inc. (collectively, the "Defendants"). (*See* ECF No. 1.) The lawsuit was resolved by a settlement agreement and this Court closed the case on February 21, 2018. (*See* ECF No. 25.) Thereafter, Plaintiff sought a status conference concerning alleged nonpayment of the settlement amount and Plaintiff's interest in filing a motion to enforce the settlement agreement. (*See* ECF Nos. 28, 30) During the conference, this Court granted Plaintiff's request and issued a briefing schedule for the motion ("Plaintiff's Motion to Enforce"). Shortly after the conference, on July 24, 2018, counsel for defendants, Kilpatrick Townsend & Stockton, LLP ("KTS" or "Defense Counsel"), sought and was granted leave to file the pending motion to withdraw as counsel. (*See* KTS Brief in Support of its Motion to Withdraw ("KTS Br.") (ECF No. 35).) For the following reasons, Defense Counsel's motion is GRANTED.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2018

## DISCUSSION

KTS moves to withdraw following a breakdown in communication with its clients and their non-payment of KTS's legal fees. (*See* KTS Br. at 1-3.) KTS contends that it has repeatedly communicated with its clients following the execution of the Settlement Agreement, but has not received any responses from Defendants since May 25, 2018. (*See* Declaration of James A. Trigg in Support of KTS's Motion ("Trigg Decl.") (ECF No. 34) ¶¶9-16, 19-22.) Moreover, KTS maintains that 10 invoices totaling over $36,000 in legal fees incurred during the representation of Defendants remain outstanding. (*See* KTS Br. at 3.) Plaintiff opposes KTS's motion, arguing that the grant of such a motion would prejudice Plaintiff and frustrate its ability to obtain and recover a judgment in the action. (*See* Plaintiff's Opposition to KTS's Motion ("Plf. Opp'n") (ECF No. 36) at 1.) This Court disagrees.

Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all parties.

Local Civil Rule 1.4. KTS has clearly met all of the technical requirements of this rule insofar as it has contended, under oath that it has served copies of this application on Defendants, has made its application by portraying the facts by declaration, has detailed the posture of the case,

and has indicated that it does not intend to seek a charging lien. (*Compare* Trigg Decl. ¶¶17, 19, 20, 22 *with* Local Civ. R. 1.4.) The only remaining issue is whether withdrawal is warranted; it is.

Critical to any inquiry regarding attorney withdrawal are two factors: (1) "the reason for withdrawal"; and (2) "the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, both "satisfactory" reasons for withdrawal. *Id.* (collecting cases for proposition that non-payment of legal fees, particularly where "communications between client and counsel have broken down" sufficient); *Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) (finding non-payment of legal fees and lack of communication sufficient); *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-CV-604 (CSH) (DFE), 2008 WL 1777855, at *1 (S.D.N.Y. Apr. 16, 2008) (granting motion to withdraw where over $35,000 was owed in legal fees and client failed to respond to counsel's communications); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.*, No. 98-CV-7414, 2000 WL 424184, at *1 (S.D.N.Y. Apr. 18, 2000); *see also Taub v. Arrayit Corp.*, No. 15-CV-1366 (ALC) (JLC), 2016 WL 4146675, at *1 (S.D.N.Y. Aug. 4, 2016) (deliberate failure to pay legal fees enough); *Callahan v. Consol. Edison Co. of New York, Inc.*, No. 00-CV-6542 (LAK) (KNF), 2002 WL 1424593, at *1 (S.D.N.Y. July 1, 2002) (same). KTS's reasons for withdrawal are satisfactory.

The Court must also consider the impact of withdrawal on the litigation. Where, as here, "any disruption is caused not by defen[se] counsel's moving to withdraw, but simply by the defendant's failure to communicate with its attorneys", the grant of a motion to withdraw is warranted. *Blue Angel Films*, 2011 WL 672245, at *2. Moreover, this matter is certainly not on

3

the verge of trial. *See id.* at *2 (whether case is on verge of trial may change analysis); *Taub*, 2016 WL 4146675, at *2 (where matter not trial ready, no undue prejudice); *Police Officers for a Proper Promotional Process v. Port. Auth. of N.Y. and N.J.*, No. 11-CV-7478 (LTS) (JCF), 2012 WL 4841849, at *2 (S.D.N.Y. Oct. 10, 2012). Here, the matter was settled, the agreement reduced to writing, and Defendants agreed to pay a sum certain. Plaintiff has been permitted to file and has already served its Motion to Enforce, a motion on which this Court will render a decision at the appropriate time, whether or not Defendants obtain new counsel and respond thereto. Plaintiff is not prejudiced.

## CONCLUSION

For the foregoing reasons, KTS's motion to withdraw as counsel is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 33 and terminate Kilpatrick Townsend & Stockton LLP, as counsel for Defendants. Defendants are permitted until October 11, 2018 to obtain counsel and enter a Notice of Appearance on the record and thereafter serve opposition to Plaintiff's Motion to Enforce on or before November 12, 2018. Should Defendants obtain counsel and respond to Plaintiff's Motion, Plaintiff should serve its reply to the Motion to Enforce on October 26, 2018. Defendants should note that corporate defendants cannot represent themselves. KTS is directed to provide a copy of this Opinion and Order to Defendants and show proof of mailing on the docket.

Dated: September 10, 2018  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge